Miguel CANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 59203.

Court of Criminal Appeals of Texas,
En Banc.

April 22, 1981.

Antonio G. Cantu, court appointed, San Antonio, for appellant.

Bill M. White, Dist. Atty., Bill Harris, Douglas C. Young and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

KEITH, Commissioner.

Our prior unpublished panel opinion is withdrawn and the following opinion is substituted in lieu thereof.

This is an appeal from a conviction of robbery. The punishment, enhanced by proof of two prior felony convictions, is imprisonment for life.

Appellant was convicted of knowingly or intentionally causing bodily injury to Andrea Reyna, the complainant, in the course of robbing her of her purse. He now complains that the trial court erred in overruling his motion for peremptory instruction because the State failed to prove that he knowingly or intentionally caused bodily injury to Ms. Reyna.

Ms. Reyna, 77 years of age at the time of the trial, testified that she was walking home from a shopping trip carrying packages in one arm and her purse on the other arm, when appellant ran up and stole her purse. She said that in the act of grabbing her purse, appellant "hit" or "pushed" her down to the pavement. On cross-examination she testified that appellant, in grabbing the purse from her arm, caused her to fall. In the incident, her mouth was cut so severely that several sutures were required in the treatment of her wounds.

We find the evidence sufficient to sustain the conviction. *Ulloa v. State*, 570 S.W.2d 954 (Tex.Cr.App.1978); *Allen v. State*, 533 S.W.2d 352 (Tex.Cr.App.1976); *Lewis v. State*, 530 S.W.2d 117 (Tex.Cr.App.1975).

■ Appellant's fourth ground of error presents the complaint that the in-court identification of appellant as the robber was impermissibly tainted by pre-trial identification procedures. In making this attack, he points to the fact that Ms. Reyna identified him as her assailant when he was returned to her in custody of the police officers shortly after the commission of the offense.

It was appellant's counsel who elicited the identification from Ms. Reyna that he now urges was error. We note, in passing, that counsel had not sought a pre-trial hearing on the identification issue as suggested by *Martinez v. State*, 437 S.W.2d 842 (Tex.Cr.App.1969), and its progeny. We also note that appellant did not make any timely objection to the identification by Ms. Reyna or by another witness, Arcos, who gave similar testimony.

Moreover, Danny Silva, a fifteen year old boy who was not subject to the pre-trial identification procedures, also made an in-court identification of appellant as the robber. We do not find that error has been presented. *Deary v. State*, 510 S.W.2d 956 (Tex.Cr.App.1974); *Davis v. State*, 505 S.W.2d 800 (Tex.Cr.App.1974). See also, *Turner v. State*, 486 S.W.2d 797 (Tex.Cr.App.1972).

In his supplemental memorandum supporting his motion for rehearing, appellant relies upon our recent opinion in *Garza v. State* (Tex. Cr.App.1981). As noted in *Garza*, supra, "Each case must be judged on its own facts." We have done so in our review of the record in this case and find no merit to the contention advanced by the fourth ground of error.

■ Appellant complains that at trial the prosecutor suggested to Reyna who appellant was in order that she would be able to identify appellant as the robber. The record reflects that the prosecutor asked Reyna if she could identify the robber, and Reyna replied that she could. Reyna stated that the robber was wearing black pants and a cream colored shirt. The prosecutor then walked behind defense counsel's table, toward appellant, who was seated at the far end of the table. As he did so the prosecutor asked Reyna, "are you referring to this man—." At this point the trial judge ordered the prosecutor to stop, and retired the jury.

According to the trial judge's statement for the record,

"... He [the prosecutor] had not pointed to anyone, but he was walking over and the Court assumed that he was getting ready to stand immediately behind the Defendant, and as he was walking over in that general direction and at the time that he was approximately behind the chair of Mr. Cantu, which is the middle chair, the Court stopped him...."

Defense counsel Cantu stated for the record that neither he nor his co-counsel Engle were wearing clothing that matched the description given by Reyna. Appellant was wearing a white sweater and black pants.

Although the prosecutor's action was clearly improper, we are not convinced that he in fact suggested to Reyna whom she should identify. Before the prosecutor's action Reyna stated that appellant was the man with the cream-colored shirt and black pants. It appears that she meant appellant, because he was wearing clothing of that description, and his defense counsel, who were the only other persons at the counsel

## 580

table, wore completely dissimilar clothing. Thus the record indicates that Reyna knew who appellant was prior to the prosecutor's actions. Moreover, according to the trial judge the prosecutor never specifically pointed out appellant as the robber. In any event, both Arcos and Silva identified appellant as the man who ran from the scene of the crime and who was apprehended with Reyna's purse. This was sufficient to identify appellant as the robber. *Deary v. State,* supra.

At the punishment stage of the trial, appellant pleaded "not true" to the enhancement paragraphs. When the State offered the pen packets, lengthy objections were dictated into the record and it is clear that appellant relied upon *Scott v. State,* 553 S.W.2d 361 (Tex.Cr.App.1977), which he cited to the trial court along with his objections. In our original opinion, we found no error was presented and in his motion for rehearing, appellant argues that the panel opinion "incorrectly addressed Appellant's ground of error number 1." He restates his contention in this manner:

> "Appellant's contention on original submission was and now is that certain documents (meticulously identified by Appellant's objection) were not within the certification of the custodian of the record and were not, therefore admissible."

We have given careful consideration to the complaint and the authorities cited, *Scott v. State,* supra, being his primary authority. In so doing, we note that certified copies of each judgment of conviction and sentence were included in the pen packets; moreover, the certification was in the precise language quoted in *Todd v. State,* 598 S.W.2d 286, 292–293 (Tex.Cr.App.1980).

All of appellant's contentions were considered and rejected in *Todd v. State,* supra, and we decline to reconsider the question.

No error has been presented; consequently, we overrule appellant's motion for rehearing.

Affirmed.

Opinion approved by the Court.