Leonard Anthony
CANDELARIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–381–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Discretionary Review Refused
Nov. 22, 1989.

Randy Schaffer, Schaffer, Lambright, Odom & Sparks, Houston, for appellant.

John D. Holmes, Jr., Houston, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

A jury found appellant guilty of robbery, and the trial court assessed punishment, enhanced by two prior felony convictions, at 30 years in the Texas Department of Corrections. We affirm.

Appellant, in his first two points of error, alleges that the evidence fails to show that he: (1) had the intent to obtain or maintain control of property at the time the complainant was injured, and (2) intentionally or knowingly caused bodily injury to the complainant.

The only witness at trial was Edward Glatzmayer, the manager of a Service Merchandise store in Webster, Texas. Glatzmayer saw appellant place two blenders and a vacuum cleaner in a large sack and attempt to leave the store without paying for them. When appellant had one foot in the store lobby and one foot outside the store, Glatzmayer identified himself and asked appellant to produce a receipt. Appellant said he did not have to produce a receipt. When Glatzmayer told him that he could not take the property outside the store without a receipt, appellant said his wife had the receipt inside the store. Glatzmayer then asked appellant to come inside the store until his wife produced the receipt.

Appellant placed the items on the lobby floor and walked about 20 yards back inside the store. Glatzmayer told the operator to call the police. Appellant then turned around and said he was leaving the store. Glatzmayer then positioned himself between appellant and the door and informed him that he would have to wait for the police. Appellant told Glatzmayer to move out of the way because he wanted to leave. Glatzmayer refused, saying the police would have to settle the situation.

At this point, appellant placed his hands inside his jacket and "pushed it away from his body as if he had something in there." Thinking appellant had a gun, Glatzmayer froze. Appellant then leaned against Glatzmayer and said he wanted to leave. Glatzmayer took a small step backwards,

and appellant pushed him into the doors. Glatzmayer fell and hit his head on the door, causing tremendous pain. After hitting his head, Glatzmayer caught his balance and followed appellant into the parking lot, where the police took appellant into custody.

Appellant concedes that he caused bodily injury to Glatzmayer but contends that he did not cause the injury with the "intent to obtain or maintain property" because he had totally relinquished control of the property before the injury occurred. Appellant cites a number of similar cases which he attempts to distinguish from this case. *See White v. State*, 671 S.W.2d 40 (Tex.Crim. App.1984); *Ulloa v. State*, 570 S.W.2d 954 (Tex.Crim.App.1978); *Lightner v. State*, 535 S.W.2d 176 (Tex.Crim.App.1976); *Morgan v. State*, 703 S.W.2d 339 (Tex.App.— Dallas 1985, no pet.); *Banks v. State*, 638 S.W.2d 532 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). The State relies primarily on the same cases to conclude that the evidence is sufficient. We agree with the State's argument that the case law supports its position.

As pointed out in *White*, the element "intent to obtain or maintain control of the property" deals with the robber's state of mind regarding the property involved in the theft or attempted theft, and not his state of mind in the assaultive component of the offense. *White*, 671 S.W.2d at 42. The evidence is sufficient to show that appellant attempted to leave the store without paying for the merchandise. The evidence is thus sufficient to show that he had an intent to obtain the property in question. There is no requirement that appellant possess this intent at the time of the violent act to be guilty of robbery. The required violence may occur while the offender is escaping immediately subsequent to an attempted theft. *White*, 671 S.W.2d at 42. In the present case, the assaultive conduct occurred immediately after the attempted theft while appellant was trying to escape from the premises. It is irrelevant that appellant's control of the property had been thwarted, or that he may have abandoned his desire to obtain or maintain con-

trol of property at the time of his violent act. Appellant's first point of error is overruled.

■ Appellant next contends that the State failed to prove that he intentionally or knowingly caused bodily injury to Glatzmayer.[1] Appellant argues that the victim's injury resulted from his recklessness or negligence but not from his knowing or intentional conduct. We disagree.

The Court of Criminal Appeals recently addressed the same legal issue in *Lane v. State*, 763 S.W.2d 785 (Tex.Crim.App.1989). In *Lane*, as in the present case, the State prosecuted the defendant for robbery, alleging that his conduct was intentional or knowing. The victim suffered bodily injury when the defendant twisted her wrist during a purse snatching. The Court set forth the definition of "knowing," Tex.Penal Code Ann. § 6.03(b) (Vernon 1974), and then stated:

> Thus the evidence must show at least that in twisting Manning's wrist to obtain her purse, appellant was reasonably certain he would cause her bodily injury. Establishment of culpable mental states is almost invariably grounded upon inferences to be drawn by the factfinder from the attendant circumstances. We have already held that proof of bodily injury is not dependent upon the severity of the "violence" used, so long as some resulting "physical pain, illness, or any impairment of physical condition" can be identified. *The threshold of proof necessary to support a jury finding of an awareness that such a result is reasonably certain to occur is concomitantly low.* (emphasis ours).

*Lane*, 763 S.W.2d at 785.

Glatzmayer's testified as follows:

Q: Okay, What happened next?

A: At that time he just started to lean up against me and said he wanted to leave and with his hands still in his pocket I took a small step back-wards, and that's when he pushed me into the doors.

Q: Were the doors you were pushed into between the lobby and the store or between the lobby and the parking lot?

A: The lobby and the parking lot. I fell backwards losing my balance.

Q: And did any part of your body strike the door?

A: My head. The back of my head hit the large part of the door.

Q: Did you feel anything when your head hit the door?

A: Yes, a tremendous pain.

\* \* \* \* \* \*

Q: Did he use his hand in order to push you or his shoulder in order to keep you away from his way?

A: No, he used—when he went out the door and knocked me into the door?

Q: Yes.

A: He used his forearm and his upper shoulder to push me into the door.

Q: Was he attempting to keep you aside from his way to get out?

A: I don't know. I was totally unprepared for it.

In *Cano v. State*, 614 S.W.2d 578 (Tex. Crim.App.1981), the victim was injured when the defendant grabbed her purse, and in doing so, "hit" or "pushed" her to the pavement. The Court held the evidence sufficient to show that the defendant intentionally or knowingly caused bodily injury. In the present case, the evidence shows that appellant pushed Glatzmayer into a door to flee the store before police arrived. A rational factfinder could conclude that appellant was aware that his conduct in pushing Glatzmayer into the door was reasonably certain to cause Glatzmayer bodily injury. Appellant's second point of error is overruled.

■ In his third point of error, appellant contends that the trial court erred in refusing to charge the jury on the lesser included offense of theft. Theft may be a

---

1. Robbery may be committed by intentionally, knowingly, or *recklessly* causing bodily injury to another. Tex.Penal Code Ann. § 29.02(a)(1) (Vernon 1989). In this case, the State did not allege the reckless mental state.

lesser included offense of robbery. *Earls v. State,* 707 S.W.2d 82, 84 (Tex.Crim.App. 1986). A charge on a lesser included offense is required when the lesser offense is included within the proof necessary to establish the offense charged, and *there is evidence* that if the defendant is guilty, *he is guilty only of the lesser offense. Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim. App.1985). There was no evidence presented that, if appellant was guilty, he was only guilty of theft. The trial court properly denied appellant's request. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.