**Thelonious Paul HENRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–00190–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 8, 1990.

Alice M. Abbott, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Thelonious Paul Henry, appeals his judgment of conviction for the offense of robbery. TEX.PENAL CODE ANN. § 29.02 (Vernon 1989). The jury rejected appellant's not guilty plea and after finding the two enhancement paragraphs in the indictment to be true, assessed his punishment at forty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Kim Nguyen was the co-owner and manager of Maxim's Supermarket. She was managing the front end of the store on May 25th, 1990, when she noticed appellant reaching across a counter to get a roll of film. Appellant then went over to the next counter and took some batteries. Nguyen followed appellant as he walked down the aisle of the store, observing him as he reached toward his stomach area with the film and batteries. When he moved his hand away, Nguyen noted that appellant no longer had anything in his hand. Appellant then turned toward the front of the store, passed by the cash registers, heading toward the door of the store.

At this point Nguyen approached appellant, telling him that she believed he had something belonging to the store that he had not paid for, and requesting him to go with her to the back of the store. Appellant then made a fist with his right hand and punched Nguyen in the chest. Nguyen tried to grab appellant by his shirt, but he actually slipped out of it, leaving Nguyen holding the shirt. The merchandise appellant had taken, the batteries and the film, fell out of his pants at this time. Appellant headed toward the door of the store, followed by two store employees, John Nguyen and Ray Garcia. Appellant was detained outside the store. It took eight people to apprehend him, and appellant continued to struggle until he was handcuffed.

■ In his first point of error appellant asserts the evidence was insufficient to show that he intentionally and knowingly caused bodily injury to the complainant. In reviewing the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Crim. App.1989); *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984); As stated in

*Williams v. State*, 784 S.W.2d 428, 430 (Tex.Crim.App.1990):

> The standard of review is whether any factfinder could rationally have excluded all *reasonable* doubt, not necessarily with *all* doubt ... An appellate court may not second-guess the finding at trial so long as some rational factfinder could conclude that any remaining doubts or outstanding hypotheses are not reasonable.

Viewing the evidence in the light most favorable to the jury's verdict, we find that the evidence is more than sufficient to find that appellant intentionally or knowingly caused bodily injury to Kim Nguyen while in the course of committing theft.

Appellant contends the State failed to show that he caused the complainant, Kim Nguyen, any bodily injury. Nguyen testified that appellant, as she was trying to stop him from leaving the store with her merchandise, hit her in the chest with his fist. Although at the time she did not feel any pain due to the excitement of the struggle, she testified that her chest hurt the next day and that she had a bruise from the blow. One witness described the assault as appellant pushing Nguyen with his hands, while another described the blow as a "forearm strike" which knocked Nguyen back into the courtesy booth area. Although Nguyen continued to try and stop appellant after she had been struck, she testified that she was not hit by any of the other people during the struggle.

Regardless of the description of the physical contact, be it a push, a strike, or a punch, the testimony was uncontradicted that Nguyen suffered pain and a bruise as a result of the blow. A person commits the offense of robbery if "in the course of committing theft ... and with intent to obtain or maintain control of the property, he (1) intentionally, knowingly, or recklessly causes bodily injury to another ..." TEX.PENAL CODE § 29.02(a)(1) (Vernon 1989). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." TEX.PENAL CODE § 1.07(a)(7) (Vernon 1974). As the Court of Criminal Appeals noted in *Lane v. State*, 763 S.W.2d 785, 786–87 (Tex.Crim.App. 1989):

> This definition appears to be purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching. In fact, the degree of injury sustained by a victim and the "type of violence" utilized by an accused appear to be of no mement.... We conclude that so long as the "violence" is violence" utilized by an accused appear to be of no mement.... We conclude that so long as the "violence" is clearly perpetrated against another "for the purpose of ... preventing or overcoming resistance to theft," it does not serve the legislative intent to engage in fine distinctions as to degree or character of the physical force exerted.

The Court in *Lane* found that evidence of appellant's grabbing the complainant's wallet and twisting it away, which resulted in pain and a bruise to the complainant, was sufficient to show "bodily injury" for purposes of the robbery statute. *Lane v. State*, 763 S.W.2d at p. 787. *See also, Lewis v. State*, 530 S.W.2d 117 (Tex.Crim. App.1975) (evidence of bodily injury sufficient when complainant suffered physical pain and bruise from defendant grabbing her briefcase and twisting her arm back); *Candelaria v. State*, 776 S.W.2d 741 (Tex. App.–Corpus Christi 1989, pet. ref'd) (evidence of bodily injury sufficient when defendant pushed complainant into door, causing pain to his head).

*Lane* and *Candelaria* are also helpful in evaluating whether appellant possessed the requisite culpability required to constitute the offense of robbery, i.e. whether appellant intentionally or knowingly caused bodily injury to Kim Nguyen. The Penal Code defines "knowingly" as follows:

> A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

TEX.PENAL CODE § 6.03(b). Thus, all that the State need show is that appellant, when he struck Kim Nguyen in an attempt to

escape, was reasonably certain he would cause her bodily injury:

> Establishment of culpable mental states is almost invariably grounded upon inferences to be drawn by the factfinder from the attendant circumstances. We have already held that proof of bodily injury is not dependent upon the severity of the "violence" used, so long as some resulting "physical pain, illness, or any impairment of physical condition" can be identified. The threshold of proof necessary to support a jury finding of an awareness that such a result is reasonably certain to occur is concomitantly low.

*Lane v. State*, 763 S.W.2d at p. 787. The Court in *Lane* found that "in light of the above, we hold the jury could have reasonably inferred from the force in appellant's conduct, namely, twisting [the complainant's] wrist ... that he was at the very least aware that his conduct was reasonably certain to cause her physical pain, and hence, bodily injury."

Similarly, the court in *Candelaria*, after citing *Lane*, ruled that "[a] rational factfinder could conclude that appellant was aware that his conduct in pushing [the complainant] was reasonably certain to cause [him] bodily injury." *See also, Cano v. State*, 614 S.W.2d 578 (Tex.Crim.App.1981) (evidence was sufficient to sustain defendant's conviction of robbery for knowingly or intentionally causing bodily injury to complaint by pushing her down while grabbing her purse). The above cases are virtually identical to the instant case in the type of injury sustained and the circumstances under which the injury occurred. We find that not only is the evidence sufficient to show that appellant caused bodily injury to Nguyen, but that he did so either intentionally or knowingly. Appellant's first point of error is overruled.

■ In his second point of error appellant contends the trial court erred in allowing the state to ask hypothetical questions during voir dire examination that were based on the facts of the case. Appellant objected to three scenarios posed by the State, claiming that they were improper hypotheticals calculated to commit the jurors to the facts of the case. The portions of the voir dire were as follows:

(1) (By the State): ... Many women I observe carrying their purses on their arms. And, I came up and I grabbed the purse.... I grab the purse and I wrench it away from her and in doing that, I broke her elbow. That was an injury that occurred during the commission of the theft and it would be a robbery. Anybody have a problem with that? Any question about that? What if, instead, I went up and I grabbed her purse. I turned around to leave and she grabbed me. She was trying to keep me from leaving. And, I turned around and I hit her. That's the immediate flight after a theft or attempted theft.

It is noted that there was no objection to this question.

(2) (By the State): Anybody ever thought of shoplifting possibly turning into a robbery? There are some of you. Let's say that someone just took something—Let's say Mary Jane. Anybody's name Mary Jane? Good. She went into the store and took some merchandise out and put it in her purse and walked out of the store.

At this point the defense objected and the court admonished the State to:

> "try to be sure to phrase it in matters that do not relate to the facts of this incident. You can't commit the jurors one way or the other on the facts of this incident."

The State then went on to use a different hypothetical.

(3) (By the State): Anybody expect the State to prove in order for a theft to have been committed that the person had to get away with the merchandise, either out of the house, store, car or something like that? Anybody? Let's take that one step further. Let's say Mary Jane in our hypothetical, she walks out. She gets to the buzzer and it goes off and a security guard from the store grabs her and Mary Jane turns around and in an attempt to get away from the security guard, also a female—lets say Sally—Mary Jane pushes Sally and pushed her

into the wall. And, when Sally fell against the wall, she hit her head and it hurt because of the force of the push.

Again, it is noted that there was no objection to this question.

Of the three segments where the State by example attempted to explain the principals of robbery, appellant objected to only one. In that instance, the defense interrupted before the hypothetical was even completed, thus avoiding any possible error. As to the other two examples the contemporaneous objection rule states that "appellate courts will not consider any error that counsel for the accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court." *Ex Parte Crispen*, 777 S.W.2d 103, 105 (Tex.Crim.App.1989). Since appellant made no objection to two of the State's questions during voir dire, (and the third was never completed), he has failed to preserve error on appeal. *Ransom v. State*, 789 S.W.2d 572, 584 (Tex. Crim.App.1989); *Montoya v. State*, 744 S.W.2d 15, 19 (Tex.Crim.App.1987), *cert. denied* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921; Tex.R.App.Proc. 52(a).

■ If appellant had preserved the issue for review, the examples cited by appellant are hardly improper voir dire. Bias against any of the law upon which the defendant is to rely is grounds for a challenge for cause to veniremen and a proper matter for query on voir dire. *Smith v. State*, 513 S.W.2d 823 (Tex.Crim.App.1974). *Clem v. State*, 166 Tex.Crim. 429, 314 S.W.2d 579 (App.1958). A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App. 1985). It is proper to use hypothetical fact situations to explain the application of principles of the law. *Cuevas v. State*, 742 S.W.2d 331, 336, note 6 (Tex.Crim.App. 1987), *cert. denied*, 485 U.S. 1015, 108 S.Ct. 1488, 99 L.Ed.2d 716. This is precisely what the prosecutor did in the instant case.

In the first hypothetical the prosecution was explaining the concept that bodily injury for purposes of the robbery statute

could occur before, during, or immediately after the theft. Appellant, of course, focuses on the hypothetical where the injury occurred after the theft, which is how the instant crime occurred. Beyond this shared legal principal, however, the hypothetical bears no resemblance to the crime committed by appellant, as it involved a purse-snatching, not shoplifting from a grocery store. Nor did the prosecutor ask any jurors if they would convict under this fact situation. Clearly, this was merely an example used to illustrate the application of the principals of robbery. Apparently, this is precisely why the defense made no objection to it.

While the prosecution's second hypothetical was arguably analogous to the facts of this case, it was never completed. Further, even this second hypothetical contained different fact situations, such as the thief being female, hiding merchandise in her purse and exiting the store completely. There was never any mention of apprehension, bodily injury or any other elements found in the instant crime. In addition, there was no error in committing the jury to the facts of the case, as the facts of the hypothetical, itself, were never completed, and the jurors were not asked to respond to these facts.

In the third hypothetical cited by appellant, the prosecution was attempting to explain the definition of bodily injury, which in the third hypothetical involved a security guard being knocked into a wall by a female thief and hitting her head. This is clearly distinguishable from the facts in the instant case where a male robber punched the owner of the store with his fist, and the injury occurred as a direct result of the hit, not the result of a fall.

We find that none of the examples cited by appellant were attempts to commit the jurors to the facts of the case, as they varied in important respects from appellant's crime. Rather, the hypotheticals were posed to explain principals of law which would be relevant to the offense of robbery, a proper form of voir dire. *Cuevas v. State, supra*. Appellant's second point of error overruled.

Accordingly, the judgment of the trial court is affirmed.