Myron Phillip MATLOCK, Appellant

v.

The STATE of Texas, Appellee.

No. 06–99–00017–CR.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 29, 2000.

Decided March 10, 2000.

Discretionary Review Refused Aug. 30, 2000.

Kaylin D. Kluge, Texarkana, for appellant.

Alwin A. Smith, Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Myron Phillip Matlock was indicted for robbery. The indictment alleged one previous felony conviction as an enhancement. Matlock waived his right to a jury trial. He pleaded guilty to the lesser included offense of theft and pleaded not guilty to robbery. The State rejected Matlock's guilty plea to the lesser offense and proceeded to trial on the indictment.

The trial court found Matlock guilty of robbery. Matlock then pleaded true to the enhancement paragraph, and the court sentenced him to twenty years' imprisonment. In two points of error, Matlock contends that he received ineffective assistance of counsel at trial and that the evidence is insufficient to support his conviction. We affirm the judgment.

To prevail on an ineffective assistance of counsel claim, Matlock has the burden to show: (1) that his attorney's representation fell below a reasonable standard of effectiveness, and (2) that the deficient performance was so serious that it prejudiced his defense. *McFarland v. State*, 845 S.W.2d 824, 842 (Tex.Crim.App.1992). To meet his burden, Matlock must prove by a preponderance of the evidence that his attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been different. *Id.*

■ In ruling on an ineffective assistance of counsel claim, we consider the totality of the evidence. *McFarland v. State*, 845 S.W.2d at 843. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.*

■ Our review of counsel's representation is highly deferential. We indulge a strong presumption that counsel's conduct falls within a wide range of reasonably effective representation. Matlock has the burden to overcome that presumption. He must show specific acts or omissions that constitute ineffective assistance and affirmatively prove that those acts fall below the professional norm for reasonableness.

■ We will make a full inquiry into counsel's strategy or tactics only if, from all appearances after trial, there is no plausible basis in strategy or tactics for his actions. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980). We will not second-guess counsel's trial strategy, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App.1979). The fact that another attorney, including Matlock's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State*, 997 S.W.2d 695, 704 (Tex.App.-Texarkana 1999, no pet.).

■ Matlock first alleges that his attorney was ineffective because he did not contest all of the elements of the offense. Before the State read the indictment at trial, Matlock took the stand to answer questions from his attorney:

Q   [A]nd we discussed what the State needed to prove to establish [robbery] as opposed to theft, did we not?

A   Right.

. . . .

Q   We have talked about the theory for this trial, and you have decided and asked me to explain to the Judge that you are stipulating that you are guilty of the underlying offense of theft, but not guilty of the offense of robbery;   and

that we're asking that the State be put to the proof only on that element or those elements which raise it from theft to robbery. Is that correct?

A   Yes, sir.

■   After the State read the indictment, Matlock pleaded guilty to theft and not guilty to robbery. The State rejected his plea to the lesser offense and decided to proceed on the indictment. Matlock contends that the decision to plead guilty to theft was error because it lessened the State's burden of proof. Matlock also alleges that his attorney was ineffective because he failed to offer into evidence a police offense report that Matlock contends is at variance with the victim's testimony.

The State called the convenience store clerk, Carla Kirby, who testified that when Matlock grabbed a large, plastic lottery ticket dispenser, she also grabbed the dispenser. She testified that Matlock then pulled harder, forcing her abdomen into the counter and causing her pain. Kirby stated that she was pregnant at the time of the offense and that the pain persisted for eight days, after which she give birth one month prematurely.

On cross-examination, Matlock's attorney tried to confront Kirby with the offense report:

Q   Let me let you look at this [the offense report]. Judge, I'm not going to admit this into evidence.

A   Okay.

Q   Can you read that second page ...?

[PROSECUTOR]:   Well, Judge, I don't mind her looking at it; however, I'm going to have to object to her reading from a document that was prepared by somebody else. I mean it is obviously hearsay....

Q   I'm not going to admit it, Your Honor.....

THE COURT:   You may use it to refresh her memory.

   ....

[PROSECUTOR]:   Again, I don't mind her looking at the document; but asking her to read it, I'm going to have to object to that.

Q   I'm not going to introduce it into the record or anything.....

THE COURT:   If that refreshes your memory or anything.

A   Okay, this is a little bit off....

Q   Okay, but that doesn't mention anything about the physical injury, does it?

A   No.

Q   Okay, but you're saying that's inaccurate, that you explained [about the physical pain] to the policeman at the time?

A   We did. We talked about it....

Matlock contends that because his attorney did not offer the offense report into evidence, the trial court did not have information that would have been helpful in determining the fact issues in the case.

We disagree with both of Matlock's contentions. The record here reveals that Matlock testified in person and admitted that he had expressly directed his attorney to enter a plea of guilty to the lesser included offense of theft. Matlock cannot complain of an act that he expressly directed his attorney to take. Similarly, Matlock's attorney was able to put into the record that the offense report failed to show that Kirby had experienced pain as a result of the incident, even though she testified that she did experience pain. The trial court had this information before it when it found Matlock guilty of robbery. Matlock has failed to show that his attorney's performance was deficient. Because Matlock has failed to prove that his attorney's performance was deficient, we need not consider the question of harm.

■   Matlock also contends that the evidence is legally insufficient to support his conviction for robbery. In reviewing the legal sufficiency of evidence, we determine

whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560, 573 (1979); *Lane v. State*, 933 S.W.2d 504, 507 (Tex.Crim.App. 1996). We evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim.App.1993).

Under Tex. Pen.Code Ann. § 29.02(a)(1) (Vernon 1994), a person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, the person intentionally, knowingly, or recklessly causes bodily injury to another. In this case, however, the indictment alleged only that Matlock intentionally or knowingly caused bodily injury to Kirby. The indictment omitted recklessness in its allegation of specific intent to cause bodily injury.

▮ We measure sufficiency of the evidence against a hypothetically correct jury charge, regardless of whether the trial is to the bench or to a jury. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which Matlock was tried. *Id.*

▮ When an indictment facially alleges a complete offense, the State is bound by the theory alleged in the indictment, as we are in our sufficiency analysis. *Rojas v. State*, 986 S.W.2d 241, 246 (Tex. Crim.App.1998). A variance between the indictment and the evidence may be fatal to a conviction, because due process guar-antees that the defendant have notice of the charges against him. *Id.* However, only a material variance is fatal. *Id.* A variance between the indictment and the proof at trial is material only if it operated to Matlock's surprise or prejudiced his rights. *Id.*

▮ Matlock did not contest his guilt of the underlying offense of theft; he contested only that he intentionally or knowingly caused Kirby bodily injury. In order to resolve Matlock's contention, we must determine (1) whether the evidence when viewed in the light most favorable to the prosecution is sufficient to show that Matlock either intentionally or knowingly caused bodily injury to Kirby, and if not, (2) whether omitting recklessness from the indictment constituted a material variance from the evidence at trial.

Viewing the evidence in the light most favorable to the prosecution, there is sufficient evidence to prove beyond a reasonable doubt that Matlock caused Kirby's bodily injury. Bodily injury includes physical pain, illness, or physical impairment. Tex. Pen.Code Ann. § 1.07(a)(8) (Vernon 1994). Kirby testified that she experienced physical pain when Matlock pulled the lottery ticket dispenser away from her, causing her abdomen to hit the counter.[1]

Because the evidence is sufficient to show that Kirby suffered bodily injury, the next question is whether the evidence is sufficient to show that Matlock acted with knowledge, if not with intent, that bodily injury would be the result of his conduct. A person acts knowingly or with knowledge with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. Tex. Pen.Code Ann. § 6.03(b) (Vernon 1994).

Both Matlock and the State cite *Lane v. State*, 763 S.W.2d 785, to support their contentions. In *Lane*, the Court of Crimi-

---

1. At trial, Matlock testified that Kirby never touched him or the dispenser. He contends that the evidence is insufficient because of the conflict between his testimony and Kirby's.

Under a legal sufficiency review, however, we consider only whether there is some evidence to support the verdict.

nal Appeals reversed a lower court's finding of insufficient evidence to convict Lane of robbing an undercover police officer. *Id.* at 788. The officer was posing as a stranded motorist, and Lane tried to grab the officer's wallet, which she was holding in her hand. The officer jerked back and pulled the wallet to her, but Lane grabbed the wallet with both hands, twisted it, took it, and ran. The officer sustained bruises on her wrists.

The court said the issue was whether Lane acted knowingly, i.e., whether he was at least aware that bodily injury would result from his conduct. The court proceeded to determine whether, in twisting the officer's wrist to obtain her wallet, Lane at least was reasonably certain he would cause her bodily injury. The court observed:

> Establishment of culpable mental states is almost invariably grounded upon inferences to be drawn by the factfinder from the attendant circumstances.... The threshold of proof necessary to support a jury finding of an awareness that [bodily injury] is reasonably certain to occur is concomitantly low.

*Lane v. State,* 763 S.W.2d at 787. The court held that the jury could have reasonably inferred from the force in Lane's conduct that he was at least aware that his conduct was reasonably certain to cause physical pain, and therefore, bodily injury.

In several other cases courts have found intentional or knowing conduct. In *Cano v. State,* 614 S.W.2d 578, 579 (Tex.Crim. App.1981), the court found sufficient evidence that the defendant intentionally or knowingly caused injury to the victim by knocking her down as he took her purse. In *Henry v. State,* 800 S.W.2d 612, 614 (Tex.App.-Houston [14th Dist.] 1990, no pet.), the court found sufficient evidence that the defendant struck a store manager who attempted to confront him as he left the store with merchandise he had not purchased. In *Candelaria v. State,* 776 S.W.2d 741, 743 (Tex.App.-Corpus Christi 1989, pet. ref'd), the court found sufficient evidence that the defendant was aware that his conduct in pushing a store manager into a door while trying to flee was reasonably certain to cause the store manager bodily injury.

Matlock contends that *Lane* is distinguishable from our case. Unlike the police officer in *Lane,* who was holding the wallet when Lane grabbed it, Kirby was not touching the lottery dispenser when Matlock first grabbed it. Kirby initiated contact with the dispenser, Matlock contends, after he took hold of it. Therefore, Matlock contends, he could not have been aware that grabbing the lottery dispenser would cause Kirby's abdomen to hit the counter.

Viewing the evidence in the light most favorable to the prosecution, we find there is sufficient evidence that Matlock acted at least knowingly; that is, he was at least aware that pulling the lottery dispenser away from Kirby could cause her bodily injury. On direct examination, Kirby testified:

A  I had a cigarette rack that set [sic] in front, and he pushed it back against the window, reached up and grabbed ahold of [the lottery ticket dispenser] and was pulling it off the counter. It was glued to the counter. He was pulling it, and on instinct, because we're responsible for everything in the store, I grabbed ahold of it.

Q  All right, did he say anything during this time that he was trying to rip the container off the counter?

A  No, but I did.

Q  All right, what did you say, please, ma'am?

A  I told him, "You don't want to do this."

Q  Okay, did he stop at that point?

A  No, he pulled harder, and at that point I let go because my stomach hit the counter.

Robbery occurs when a person causes bodily injury in the course of committing a theft. TEX. PEN.CODE ANN. § 29.02(a)(1). "In the course of committing a theft" means conduct that occurs in an attempt to commit, during commission, or in immediate flight after the attempt or commission of theft. TEX. PEN.CODE ANN. § 29.01(1) (Vernon 1994); *Autry v. State*, 626 S.W.2d 758, 762 (Tex.Crim.App.1982). The actual commission of theft is not a prerequisite to the commission of robbery. *Autry v. State*, 626 S.W.2d at 762. The gravamen of robbery, therefore, is its assaultive conduct and not the underlying theft. *Green v. State*, 840 S.W.2d 394, 401 (Tex.Crim.App.1992) (quoting *Crank v. State*, 761 S.W.2d 328, 350 (Tex.Crim.App. 1988), *rev'd on other grounds, Alford v. State*, 866 S.W.2d 619, 624 n. 8 (Tex.Crim. App.1993)).

*Lane, Cano, Henry,* and *Candelaria* demonstrate that a defendant can form the intent to cause bodily injury at any time during the course of committing a theft. In *Lane* and *Cano,* the defendants formed the intent to cause bodily injury when they wrestled the property away from their victims. In *Henry* and *Candelaria,* the defendants formed the intent to cause bodily injury when they attempted to flee the scene. In our case, there was sufficient evidence for the trial court to find that Matlock formed the intent to cause Kirby bodily injury when he recognized that she also was holding the lottery dispenser, and he pulled harder to get it away from her.

In announcing its verdict, the trial court stated that bodily injury could be caused intentionally, knowingly, or recklessly. Matlock contends that it was error for the court to consider recklessness. It is not clear from the record, however, that the trial court found that Matlock acted recklessly. We construe the trial court's comments as merely a statement of the underlying law.

In any event, there is sufficient evidence in the record from which a rational trier of fact could have found beyond a reasonable doubt that Matlock knowingly caused Kirby's bodily injury. We do not need to decide, therefore, whether the evidence at trial constituted a material variance from the indictment, which omitted an allegation of recklessness.

We affirm the trial court's judgment.