In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00057-CR

____________


ANDRE DWIGHT JONES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court 

Harris County, Texas

Trial Court Cause No. 874115





O P I N I O N


 A jury found appellant, Andre Dwight Jones, guilty of robbery. The trial court,
having found true an enhancement paragraph alleging a prior conviction for robbery,
assessed punishment at 20 years in prison and a $10,000 fine. We address whether
the evidence is legally sufficient to prove appellant knowingly caused bodily injury
to the complainant, Eddie Lee Taylor, Jr. We affirm.

Facts Caleb Huntsberry, a loss-prevention employee for K-Mart, noticed appellant
pushing a shopping cart as he entered the store from the parking lot. Appellant
selected a shirt and sweat pants from the men's department and proceeded to the
infant's department, where he put the new shirt on and threw the shirt he had been
wearing behind a stroller box. Appellant then proceeded to the hardware department,
where he selected some power drills and drill bits. 

 Appellant approached the front door, parked his basket for a few minutes until
the doorway was clear, and then left with the goods, but without paying. Huntsberry,
who had been observing appellant and thought he might be a shoplifter, radioed other
employees to go outside to assist him if needed. K-Mart employee Eddie Lee Taylor,
Jr., responded to Huntsberry's call for help. Taylor asked appellant for a receipt for
the goods, but appellant could not produce one. Huntsberry identified himself and
asked appellant to return to the store. When appellant refused to return, Huntsberry
attempted to handcuff appellant. Appellant jerked his arm away and pushed
Huntsberry down. Michael Williams, another K-Mart employee who had come to
assist, was pushed back and he, too, fell down.

 In the meantime, Taylor had positioned himself in front of appellant's shopping
cart where appellant could easily see him. Appellant then shoved the cart toward
Taylor and began to run. The shopping cart hit Taylor in the shin, where it caused a
golf-ball-sized knot with broken, bleeding skin. Taylor believed appellant shoved the
cart into him deliberately. Taylor and the other employees tried to capture appellant,
but he escaped. Huntsberry found a checkbook belonging to Lester Jones, appellant's
father, on the ground in the parking lot. 

 Houston Police Officer John Hampton Parker responded to the call for service,
and Huntsberry gave Parker the checkbook. Parker was able to contact Lester Jones. 
Parker described the suspect to Lester Jones, who confirmed that the description
resembled his son, and that appellant did not have permission to have his father's
checkbook that day. Officer Kimberly Miller, of the Houston Police Department
Robbery Division, prepared a photospread, from which Huntsberry and Taylor
identified appellant as the person who committed the robbery.Legal Sufficiency In his only point of error, appellant contends the evidence is legally insufficient
to sustain appellant's conviction for robbery because the State failed to prove he
intentionally, knowingly, or recklessly caused bodily injury to Taylor. See Tex.
Penal Code Ann. § 29.02(a)(1) (Vernon 1994). Appellant contends there was no
evidence that he had the required culpable mental state to cause bodily injury. 
Appellant claims he pushed the cart toward Taylor to get away and not to hurt Taylor. 
We apply the usual standard of review. Jackson v. Virginia, 443 U.S. 307, 318-19,
99 S. Ct. 2781, 2788-89 (1979); Santellan v. State, 939 S.W.2d 155, 160 (Tex. Crim.
App. 1997); Howley v. State, 943 S.W.2d 152, 155 (Tex. App.--Houston [1st Dist.]
1997, no pet.).

 Under section 29.02 of the Penal Code, the State had the burden to prove
appellant either intentionally, knowingly, or recklessly caused bodily injury to Taylor. 
Tex. Penal Code Ann. § 29.02(a)(1). Appellant does not contest that he caused
bodily injury, which the Penal Code defines as "physical pain, illness, or any
impairment of physical condition," Tex. Penal Code Ann. § 1.07(8) (Vernon 1994),
but disputes the sufficiency of the evidence to establish the requisite culpable mental
state. Culpable mental state is most commonly grounded upon inferences to be drawn
by the factfinder from the attendant circumstances. Lane v. State, 763 S.W.2d 785,
787 (Tex. Crim. App. 1989). 

 Because assault is a result-oriented crime, the terms "intentionally" and
"knowingly" should be applied to the conduct to emphasize only the result-oriented
portions of the definitions. See Henry v. State, 800 S.W.2d 612, 614-15 (Tex.
App.--Houston [14th Dist.] 1990, no pet.) (citing Lane, 763 S.W.2d at 615). (1) A
person acts intentionally, or with intent, with respect to the result of his conduct when
it is his conscious objective or desire to cause the result. Tex. Penal Code Ann. §
6.03(a) (Vernon 1994). A person acts "knowingly," or with knowledge, with respect
to a result of his conduct when he is aware that his conduct is reasonably certain to
cause the result. Tex. Penal Code Ann. § 6.03(b) (Vernon 1994). To meet its
burden of proof, the State had only to show that appellant was at least reasonably
certain his conduct would cause bodily injury to Taylor when he pushed the cart
toward Taylor. See Henry, 800 S.W.2d at 614-15. The threshold of proof required to prove awareness that an injury is reasonably
certain to occur is low. Lane, 763 S.W.2d at 787. In Henry, the defendant was in the
course of committing theft when the complainant tried to stop him from leaving the
store. Henry, 800 S.W.2d at 614. The defendant struck the complainant in the chest
and knocked her back. Id. In the excitement of the struggle, the complainant did not
notice any pain from the blow. Id. The next day, however, her chest hurt, and she
had a bruise from the blow. Id. The Henry court ruled this evidence was sufficient
to show the defendant had the knowledge or intent to cause the complainant bodily
injury. Id. at 615. 

 In Candelaria v. State, the defendant was leaving a Service Merchandise with
goods for which he had not paid when the complainant, the store manager, tried to
stop the defendant. 776 S.W.2d 741, 742 (Tex. App.--Corpus Christi 1989, pet.
ref'd). While attempting to leave the premises, the defendant pushed the complainant
into the doors and caused the complainant to hit his head, causing pain. Id. at 742-43. 
The Candelaria court held that a rational factfinder could have found the defendant
was aware his conduct was reasonably certain to cause bodily injury. Id. at 743.

 Viewing the evidence in this case in the light most favorable to the verdict, we
hold that a jury could have reasonably inferred from the force of appellant's conduct
that appellant was aware his conduct would cause Taylor physical pain, and, hence,
bodily injury. See Lane, 763 S.W.2d at 788. We therefore hold the evidence is
legally sufficient to support the conviction and overrule appellant's point of error.Conclusion

 We affirm the judgment of the trial court.






 Tim Taft

 Justice


Panel consists of Justices Mirabal, Taft, and Smith. (2)


Do not publish. Tex. R. App. P. 47.4.


1. We judge the sufficiency of the evidence according to a hypothetically
correct jury charge. Malik v. State, 953 S.W.2d 234, 239-40 (Tex. Crim.
App. 1997).
2. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals,
First District of Texas at Houston, participating by assignment.