NUMBER 13-10-447-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JONATHAN RIVERA,                                                                       
 Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the 36th
District Court 

of San Patricio
County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes  

Memorandum Opinion by
Justice Vela

                                                                                                                                    

            A jury convicted appellant,
Jonathan Rivera, of the third-degree felony offense of assault involving family
violence.  See Tex. Penal Code
Ann. § 22.01(a)(1), (b)(2)(A) (West Supp. 2010).  The trial court
assessed punishment at eight years’ imprisonment, plus a $2,000 fine.  In a
single issue, Rivera contends the evidence is legally and factually
insufficient to show he intentionally or knowingly caused bodily injury to the
victim by striking her with his hand.  We affirm.

I. Factual Background

            On December 10, 2009, Katherine Rivera went
to Taft, Texas to pick up her four-year-old son, who was staying at the home of
her mother-in-law, Sandra Gonzales.  Because Katherine arrived there late at
night, she decided to spend the night at Gonzales’s home.  While Katherine was
in bed with her son, the bedroom light came on, and Katherine saw her husband,
Jonathan Rivera, standing in the doorway.  He tried to lay on the bed with her,
but she turned her back to him and asked him to get out of the room.  After she
told him this, he began choking her.  Katherine testified that Jonathan’s
brother, Timothy Gonzales, came to her aid and put “Jonathan against the
wall.”  Katherine stated that as Jonathan was leaving the bedroom, “he turned
around and he punched me in the face” with “[a] closed fist.”  She said that
when he punched her, “[i]t hurt.”

            Shortly after this incident, Officer Justin Martinez
and Deputy Ernest Solis Jr., responded to a 9-1-1 call from the Gonzales home. 
When Officer Martinez approached the Gonzales home, he heard what sounded like
“kids yelling” inside the house.  He said they were “screaming for help and to
stop.”  Officer Martinez entered the house and saw that Katherine was crying
and appeared distressed as if “she had been involved in some kind of
incident.”  He saw “redness” on her face and neck.  Officer Martinez testified
that Katherine told him that:

while she was
sleeping that Jonathan had come into the room and began choking her.  She said
this is what woke her up.  As she woke up she noticed that he was on top of her
with both hands she said around her neck.  She also said that after a little
while he raised his hand and started punching her in the face.  And that’s why
she was upset, that’s what caused the redness, she said.

 

When Officer Martinez saw Jonathan in
the living room, he “could smell the alcohol coming from him[.]”  Jonathan
“appeared to be angry” and told Officer Martinez that “nothing was wrong, that
they were fine.”

When Deputy Solis approached the
Gonzales home, he heard “people screaming and yelling” inside the residence. 
When he entered the house, he saw that Officer Martinez had Jonathan in
handcuffs.  Deputy Solis saw that Katherine was “upset,” “crying,” and
“distraught.”  He saw “redness around her neck area, and on the left side of
her face. . . .”  He testified that Katherine told him that, “Jonathan Rivera
woke her up and they started to argue, and that he punched her in the face.” 
She also said she “had been choked” by Jonathan.

On the night in question, Jonathan’s
mother, Gonzales, was asleep when her daughter told her she needed to get up
because Jonathan was in the house.  Gonzales saw Jonathan standing in the
living room.  When she asked him what was going on, he told her, “Nothing, just
go back to bed.”  She testified Jonathan asked her “why I had that b-i-t-c-h
staying there after everything she had done to him and to my family.”  Gonzales
did not see Jonathan assault Katherine, and she did not see any injuries on
Katherine.

Jonathan’s brother, Timothy Gonzales,
testified he was sleeping when his mother came into his bedroom and said, “Go
talk to Jon.”  Timothy saw Jonathan in the living room and heard him “yelling”
at Katherine, who was in Jonathan’s bedroom.  When the prosecutor asked
Timothy, “And you had to hold Jonathan back from Katherine?”, he said, “I
didn’t have to; I was doing it.”  Timothy did not see any injuries on
Katherine.

Jonathan’s sister, A.G., testified that
on the night in question, she did not see any injuries on Katherine.  She
stated she did not see Jonathan hit Katherine in the face.

The defense rested without calling any
witnesses.

II. Discussion

            In his sole issue, Rivera contends the
evidence is legally and factually insufficient to prove he intentionally or
knowingly caused bodily injury to Katherine by striking her with his hand.  We
review his sufficiency complaint under only the standard set out in Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  See Brooks v. State, 323
S.W.3d 893, 895 (Tex. Crim. App. 2010) (overruling Clewis v. State, 922
S.W.2d 126 (Tex. Crim. App. 1996)).

A.  Standard of Review

            “When
conducting a legal sufficiency review, a court must ask whether ‘any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt’—not whether ‘it believes that the evidence at
trial established guilt beyond a reasonable doubt.’”  Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting Jackson, 443 U.S. at
318-19) (emphasis in original).  “In doing so, we assess all of the evidence
‘in the light most favorable to the prosecution.’”  Id. (quoting Jackson,
443 U.S. at 319).  “After giving proper deference to the fact finder’s role, we
will uphold the verdict unless a rational fact finder must have had reasonable
doubt as to any essential element.”  Id. at 518.  We must presume that
the fact finder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson, 443 U.S. at 326.

B.  Applicable Law

            Our review of a legal sufficiency challenge
should be examined under the principles of review for a hypothetically correct
jury charge.  Grotti v. State, 273 S.W.3d 273, 280-81 (Tex. Crim. App.
2008).  “‘Such a charge [is] one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof, or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was
tried.’”  Villarreal v. State, 286 S.W.3d 321, 327 (Tex. Crim. App.
2009) (quoting Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997)).

            The
Texas Legislature has defined the crime of assault in section 22.01 of the
penal code.  Subsection (a) of that provision sets out three separate and
distinct assaultive crimes, one of which is relevant to the present
discussion:  “(a) A person commits an offense if the person:  (1)
Intentionally, knowingly, or recklessly causes bodily injury to another,
including the person’s spouse[.]”  Tex.
Penal Code Ann. § 22.01(a)(1) (West Supp. 2010).  “Subsection
(1)—‘bodily injury’ assault is a result-oriented assaultive offense. . . .”  Landrian
v. State, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008).  “Bodily injury” is
defined as “physical pain, illness, or any impairment of physical condition.”  Tex. Penal Code Ann. § 1.07(a)(7) (West
Supp. 2010).

”A person acts intentionally, or with
intent, with respect to the nature of his conduct or to a result of his conduct
when it is his conscious objective or desire to engage in the conduct or cause
the result.”  Id. § 6.03(a) (West 2003).  “A person acts knowingly, or
with knowledge, with respect to a result of his conduct when he is aware that
his conduct is reasonably certain to cause the result.”  Id. § 6.03(b). 
A person’s knowledge and intent may be inferred from the “acts, words, and
conduct of the accused.”  Hart v. State, 89 S.W.3d 61, 64 (Tex. Crim.
App. 2002).

C.  Analysis

In this case, the jury could convict
Rivera of the indicted offense if they found, in relevant part, that he
“intentionally, knowingly or recklessly cause[d] the bodily injury to Katherine
Rivera, . . . by striking the said Katherine Rivera with the defendant’s hand,
. . . .”  Katherine testified that as Jonathan was leaving the bedroom, “he
turned around and he punched me in the face” with “[a] closed fist.”  She said
that when he punched her, “[i]t hurt.”   

Whether to believe Katherine’s trial
testimony is ultimately a credibility determination for the jury.  See
Padilla v. State, 254 S.W.3d 585, 590 (Tex. App.–Eastland 2008, pet. ref’d)
(stating that “[w]hether to believe [the victim’s] trial testimony is ultimately
a credibility determination”).  If believed, Katherine’s testimony alone is
sufficient to support a guilty verdict.  See Candaleria v. State, 776
S.W.2d 741, 743 (Tex. App.–Corpus Christi 1989, pet. ref’d) (holding that the
victim’s testimony was sufficient to establish that the defendant intentionally
or knowingly caused the victim’s bodily injury).  In addition, Officer Martinez
and Deputy Solis arrived at the Gonzales residence shortly after the incident
and saw “redness” on Katherine’s face.  A rational jury could also consider
this evidence as corroborative of Katherine’s testimony that Rivera had punched
her on the face.  See Padilla, 254 S.W.3d at 590 (stating that “[a]
rational jury could also consider the evidence corroborating [the victim’s]
testimony and determine that [the defendant] was guilty of aggravated assault
beyond a reasonable doubt.”).  Based upon the evidence in this case, a rational
fact finder could have concluded that Rivera was aware that his conduct in
punching Katherine on the face with his fist was reasonably certain to cause
bodily injury to her.  See Tex.
Penal Code Ann. § 6.03(b).  

After considering all of the evidence in
the light most favorable to the verdict, we hold the evidence is legally
sufficient to prove beyond a reasonable doubt that Jonathan Rivera
intentionally or knowingly caused bodily injury to Katherine Rivera by striking
her with his hand.  The sole issue for review is overruled.

III. Conclusion

            We affirm the trial court’s judgment.   

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the   

12th day of May, 2011.