

## NUMBER 13-11-00736-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**DAVID GARCIA,**                                                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                   **Appellee.**

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant David Garcia challenges his conviction for robbery.  *See* TEX. PENAL CODE ANN. § 29.02 (West 2011).  A jury found Garcia guilty and assessed his punishment at ten years in prison.  By a single issue, Garcia contends that the evidence is insufficient to support his robbery conviction.  We affirm.

# I.  SUFFICIENCY OF THE EVIDENCE

By his sole issue, Garcia challenges the sufficiency of the evidence to support his conviction.  Specifically, Garcia asserts that there was legally insufficient evidence to prove that he intentionally or knowingly caused bodily injury to another.  *See id.* § 29.02(a)(1).

## A.  Background[1]

The indictment alleged that Garcia, "on or about August 4, 2011, in Nueces County, Texas, did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Kory Rocha with his hand."  At trial, Rocha, a loss-prevention officer at a CVS pharmacy, testified that he saw Garcia leave the pharmacy without paying for a bag of peanuts and ran outside to stop him.  Rocha identified himself as "loss prevention" and told Garcia that he needed to go back inside the store with him.  Rocha explained that he firmly grabbed Garcia's muscle shirt to get his attention.  However, Garcia responded that he did not do anything and "took a swing" at Rocha with his right hand when he turned around to his left, striking Rocha in the face.  According to Rocha, the punch hurt, and he was pushed backwards.  Rocha hung on to Garcia's shirt, ducked, and closed his eyes.  Rocha testified that Garcia struck him two more times, "a real hit" on the side of his head above his ear and then a glancing blow to his lower jaw that was not "as bad as the first two."  After Garcia struck Rocha, Garcia's

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

shirt ripped off—part of the shirt remained in Rocha's hand—and Garcia ran away. An officer who responded to a call about this incident apprehended Garcia and returned him to the pharmacy.

Annette Cisneros, a pharmacy employee, testified that she saw Garcia hit Rocha twice, the last two times. Cisneros testified that although she did not see Garcia hit Rocha the first time, she was "more than sure something was done because [Rocha] had a huge mark on the side of his face." She described the mark as "a huge red mark, noticeable." Rocha also testified that he had a "slight bruise" on his face that lasted three or four days and that his face—his cheekbone—was red and stung for a while.

In support of his argument, Garcia directs us to testimony provided by Rocha during his cross-examination. He testified regarding a report that he completed for the store on the day of the incident. Rocha agreed that, in his written report, he indicated that (1) when he asked Garcia to return into the store, Garcia complied, and (2) Garcia hit him one time, not three times. Rocha also testified that the fight started outside the front door of the store and that the first hit did not appear on any surveillance video because the camera in that location was not working. When asked "how is Mr. Garcia hitting you if you have his shirt over his head?", Rocha answered, "He's just swinging." Finally, Rocha could not recall having any pictures of his injuries.

## B.  Standard of Review and Applicable Law

In a sufficiency review, we consider the entire trial record to determine whether, viewing the evidence in the light most favorable to the verdict, a rational jury could have found the accused guilty of all essential elements of the offense beyond a reasonable

3

doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  The trier of fact then is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony.  TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979). An appellate court, faced with a record of historical facts that supports conflicting inferences, must also presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.  *Jackson*, 443 U.S. at 326; *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010).

We measure sufficiency by the elements of the offense as defined by a hypothetically correct jury charge.  *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  A person commits the offense of robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another.  *See* TEX. PENAL CODE ANN. § 29.02(a)(1).  "Absent a judicial confession, the requisite culpable mental state must ordinarily be inferred from the acts of the accused or the surrounding circumstances."  *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984) (en banc).  Thus, "'[a] jury may infer intent [and knowledge] from any facts which tend to prove its existence, including the acts, words, and conduct of the accused, and the method of committing the crime and from the nature of the wounds inflicted on the victim.'"  *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) (quoting *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (en banc)

4

(Meyers, J., concurring)).

## C. Discussion

Garcia contends that it is reasonable to infer that he "did not act with knowledge or intent to cause bodily injury when he was simply walking away from the loss prevention officer and was then assaulted by the officer and was trying to get away . . . ." Garcia argues that his conduct did not warrant the charge of robbery because he did not use force against the loss prevention officer, but was merely reacting to the force used against him.

We are not persuaded by Garcia's arguments. Rather, considering the entire trial record, viewing the evidence in the light most favorable to the verdict, and resolving any inconsistencies in the evidence in favor of the final judgment, we conclude the jury reached a rational decision when it determined that Garcia committed robbery. *See Jackson*, 443 U.S. at 319; *Laster*, 275 S.W.3d at 517; *Williams*, 235 S.W.3d at 750; *Curry*, 30 S.W.3d at 406. Based on the forgoing evidence, the jury could have reasonably inferred from his conduct that Garcia intentionally, knowingly, or recklessly caused bodily injury to Rocha. *See, e.g., Lane v. State,* 763 S.W.2d 785, 788 (Tex. Crim. App. 1989) (en banc) (concluding the evidence established that the defendant knowingly caused bodily injury where defendant twisted the victim's wrist to obtain her wallet); *Hernandez v. State*, 268 S.W.3d 176, 179 (Tex. App.—Corpus Christi 2008, no pet.) (same, where the defendant and the loss prevention officer engaged in a scuffle that resulted in injuries to the nose, shoulder, right wrist, and left hand of the loss prevention officer); *Matlock v. State*, 20 S.W.3d 57, 62 (Tex. App.—Texarkana 2000, pet. ref'd) (same, where the

5

defendant pulled lottery ticket dispenser from the convenience store clerk, causing her abdomen to hit the counter); *Henry v. State*, 800 S.W.2d 612, 615 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (same, where the defendant hit the supermarket owner in the chest with his fist); *Candelaria v. State*, 776 S.W.2d 741, 743 (Tex. App.—Corpus Christi 1989, pet. ref'd) (same, where the defendant pushed the store manager into a door). We will defer to the jury as to that resolution. *See Jackson*, 443 U.S. at 326; *Padilla*, 326 S.W.3d at 200. We overrule Garcia's sole issue.

## II. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of June, 2012.

6