Christopher **CHAMBERLIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–84–00739–CR.

Court of Appeals of Texas, Dallas.

Sept. 23, 1985.

Rehearing Denied Oct. 23, 1985.

This, we should be reluctant to do.

John H. Hagler, Dallas, for appellant.

Elizabeth L. Phifer, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, ALLEN and DEVANY, JJ.

DEVANY, Justice.

Christopher Chamberlin appeals his conviction for aggravated robbery. The jury, after finding both enhancement allegations of the indictment to be true, assessed punishment at twenty-five years confinement. In two grounds of error, appellant complains (1) that the evidence was insufficient to support his conviction and (2) that the trial court erred in refusing to submit the lesser included offense of theft in its charge to the jury. We agree with appellant's second contention and thus reverse appellant's conviction, but we must first review his contention that the evidence was insufficient to support the conviction. *See Selman v. State*, 663 S.W.2d 838, 840 (Tex. Crim.App.1984).

## SUFFICIENCY OF THE EVIDENCE

The record reveals that appellant took a carton of cigarettes from a convenience store and was pursued by the manager of the store when he left without paying for them. Appellant threw the cigarettes in a dumpster behind the store. The manager testified that he then confronted appellant

and tried to look inside the dumpster. He testified that appellant pushed him away, took out a knife, and threatened to kill him if he did not leave. The manager became scared and started walking back to the store. According to the manager and one passerby, appellant then left without retrieving the cigarettes.

Appellant did not testify or offer any witnesses on his behalf. The State did, however, read into evidence, before the jury, a written statement taken from appellant by a police officer. In his statement appellant admits taking the carton of cigarettes, but his version of the confrontation with the manager is different. Appellant says in his written statement:

> The store clerk came around the building. I asked if he wanted to fight. He said no. I said for him to leave me alone. He started walking back inside.... I then took out my pocket knife and ran away.

Appellant maintains that, since he abandoned the property taken by him in the dumpster and did not use the knife "in the course of committing theft," the evidence is insufficient to support his conviction. We disagree.

■ The Practice Commentary to Sec. 29.02 provides in pertinent part:

> Section 29.02 is broader in scope than the prior robbery offense, however, because it applies to violence used or threatened "in the course of committing theft," which is defined in Section 29.01 to include not only violent conduct antecedent to a completed theft, but also violence accompanying an unsuccessful attempted theft and *violence accompanying an escape immediately subsequent to a completed or attempted theft.* This factor adds two new methods of committing robbery. This first—use or threat of violence in an attempted theft—simply combines into the robbery offense the prior separate offense of assault with intent to rob, Penal Code art. 1163. The practical effect is to provide an identical penalty range, which is justified because the conduct is equally dangerous wheth-

er or not the theft is completed and it is usually fortuitous that the theft falls short of completion. *The second—use or threat of force in escaping—broadens the scope of robbery.* Here, too, the conduct is as dangerous as force or threats antecedent to the theft (emphasis added).

TEX.PENAL CODE ANN. § 29.02 (Vernon 1974). Therefore, violence accompanying an escape immediately subsequent to a completed theft can constitute robbery. *White v. State*, 671 S.W.2d 40, 42 (Tex. Crim.App.1984). Further, abandonment of the property stolen will not prevent the proscribed conduct from constituting robbery. *See White*, 671 S.W.2d at 41–43.

■ We must view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex. Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). Under this standard, we hold that a rational trier of fact could have concluded beyond a reasonable doubt that appellant used or exhibited a deadly weapon to effect his escape after he completed the theft of the cigarettes. *See White v. State*, 671 S.W.2d at 43; *Rabb v. State*, 681 S.W.2d 152, 154 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Thus, the evidence is sufficient to support the conviction. Appellant's first ground of error is overruled.

### LESSER INCLUDED OFFENSE—THEFT

■ In determining whether a charge on a lesser included offense is required, a two-step analysis is used. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (on rehearing). First, the lesser included offense must be included within the proof necessary to establish the offense charged. *Royster*, 622 S.W.2d at 446. Second, there must be *some* evidence in the record that, if the defendant is guilty, he is guilty of only the lesser included offense. *Id.*

Under step one, our examination of the record reveals that the indictment alleges that appellant was in the course of committing a theft with all of the ingredients of that crime, and in addition alleged the use of a deadly weapon. Therefore, the indictment included the charge of theft. The State, in proving its case of aggravated robbery, established a completed theft. Theft was included within the proof necessary to establish the aggravated robbery charge. *Parr v. State*, 658 S.W.2d 620, 622 (Tex.Crim.App.1983); *Eldred v. State*, 578 S.W.2d 721, 722 (Tex.Crim.App.1979). Thus, the first requirement of *Royster* is satisfied.

Under step two, evidence exists in the record which, if believed by the trier of fact, shows that appellant is guilty of only the lesser included offense of theft. Appellant did not testify or offer any witnesses on his behalf, but a confession of an accused can raise a lesser included offense. *See Palafox v. State*, 608 S.W.2d 177, 182 n. 6 (Tex.Crim.App.1980). Here, appellant's statement admits the theft of the cigarettes but states that the manager was walking back inside the store *before* appellant took out his pocket knife and ran away. This evidence raises the issue of the lesser included theft offense because it shows that appellant, under his version of the facts, did not use or exhibit the knife at any time to threaten or place the store manager in fear of imminent bodily injury either to effect the theft or to effect his escape. *Cf. White*, 671 S.W.2d at 43 (firearm used to effect escape).

Appellant timely requested that the trial court include an instruction on the lesser included offense of theft in its instructions to the jury. The trial court overruled this request. In light of appellant's timely request for a theft instruction and his sentence of twenty-five years, under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985), the requisite harm is clearly demonstrated.[1] Therefore, the trial court committed reversible error by not instructing the jury on the lesser included offense of theft.

Reversed and remanded.

---

1. If the trial court had submitted appellant's requested instruction and the jury had convicted appellant of the lesser included offense of theft, the conviction would have been for a misdemeanor thus making the penalties for repeat and habitual offenders, under TEX.PENAL CODE ANN. § 12.42 (Vernon Supp.1985), inapplicable.